## HANFORD (village) v CLAY

Ohio Appeals, 2nd Dist, Franklin Co

No 2378.   Decided April 3, 1934

W. S. Lyman, Columbus, for plaintiff in error.

Charles R. Doll, Columbus, for defendant in error.

### OPINION

By BARNES, J.

Counsel for plaintiff in error complains that he was not advised of the time of hearing in the Common Pleas Court, but there being no record before us no consideration can be given to this complaint.

The Common Pleas Court found error in three particulars.

1. The failure to sustain demurrer to the affidavit.

2. To declare ordinance under which prosecution was attempted unconstitutional and void.

3. To dismiss the defendant below.

The ordinance in question reads as follows:

"Be it ordained by the council of the Village of Hanford, Ohio, three-fourths of all the members elected thereto concurring, that on and after the passage of this act it shall be unlawful to use vile, indecent and profane language in and upon the streets of the Village of Hanford, Ohio, or in public places in said village."

The petition or affidavit reads as follows:

"One Fred Clay unlawfully then and there was disorderly by using loud and profane language in said Edward Grigsby's place of business.   Contrary to the ordinance of said village in said cause made and provided."

We have no difficulty in arriving at the conclusion that the affidavit fails to charge an offense.   This conclusion is supported for two reasons:

1. The affidavit does not advise as to the language claimed to be used.

It is not always necessary to set out in haec verba, but if not, there should be suf-

ficient description to fully advise as to the nature and character of the language claimed to have been used.

The mere statement that he used profane language is nothing more than a conclusion.

2. The affidavit failed to allege that the claimed profane language was used in a public place. The mere statement that it was in Edward Grigsby's place of business is not sufficient. Grigsby's place of business may or may not be a public place.

We make no determination on the question of the constitutionality of the ordinance.

Finding no prejudicial error in the judgment of the Common Pleas Court, the same will be affirmed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, concurs.
KUNKLE, J, not participating.